
# Jadeja-Cimone Law, PC

March 4, 2026

**BY ECF**
Honorable Judge Gary R. Brown
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Fuentes-Aguilar v. Bondi et al,* 2:26-cv-00802

Honorable Judge Brown:

    Petitioner submits the instant brief in support of his Petition for Habeas. Respondents allege that Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A) because he has not been lawfully admitted to the United States, despite the fact that he has lived in the United States for over 6 years.

    Section 1225(b)(2)(A) provides that "in the case of an alien who is *an applicant for admission*, if the examining immigration officer determines that an alien *seeking admission* is not *clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). *Rodriguez-Acurio v. Almodovar*, 2:25-cv-6065 at *47 (E.D.N.Y. Nov. 28, 2025). As many other courts have recognized, this language requires that "several conditions must be met" to impose mandatory detention under Section 1225(b)(2). *Id.* at 47 (citing *Lopez Benitez*, 2025 WL 2371588, at *5). The noncitizen must be: "(1) an applicant for admission; (2) seeking admission; and (3) not clearly and beyond a doubt entitled to be admitted." *Id.*; *Martinez v. Hyde*, 792 F. Supp. 3d 211, 214 (D. Mass., 2025). While Petitioner may be an "applicant for admission," he is not "seeking admission" such that he is subject to mandatory detention under Section 1225(b)(2)(A).

    Respondents' argument that "every 'applicant for admission' is 'seeking admission,'" ECF 8 at *3, is unpersuasive. Courts have repeatedly held that the term requires "some active desire of process toward admission," *Rodriguez-Acurio v. Almodovar*, 2:25-cv-6065 at *47 (E.D.N.Y. Nov. 28, 2025); *Huamani v. Francis,* No. 25-cv-8110, 2025 WL 3079014, at *3 (S.D.N.Y. Nov. 4,



2025); see also *Martinez v. Hyde,* 792 F. Supp. 3d 211, 218 (D. Mass., 2025) (holding that the term "seeking admission" "necessarily implies some sort of present-tense action"). "Admission" refers to "the lawful entry of the alien into the United States after inspection and authorization by the immigration officer." 8 U.S.C. § 1101(a)(13)(A). Under a straightforward reading of the statute, "seeking admission is meant to refer to those who are presenting themselves at the border, or who were recently apprehended just after entering." *Hyppolite*, 2025 WL 2829511, at *9.

Although Petitioner is an applicant for admission, he is clearly not presenting himself at the border and was not recently apprehended just after entering, and thereby is not "seeking admission" under Section 1225(b)(2). While Petitioner's participating in removal proceedings may indicate the "he continues to 'seek' something, what he seeks is not 'admission' or 'lawful entry' to the United States, but to obtain a lawful means to *remain* here" where he has been continuously residing for more than twenty-three years. *Lopez Benitez*, 2025 WL 2371588, at *6 n.7; *Rodriguez-Acurio* 2:25-cv-6065 at *47.

This issue has recently been considered by many other district courts. Another district court conducted a comprehensive survey of district court decisions and found the following:

> [T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed – has been challenged in at least 362 cases in federal district courts. The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States.

*Barco Mercado v. Francis*, No. 25-cv-6582, at 9–10 (S.D.N.Y. Nov. 26, 2025) (citing appendices containing references to the 362 cases).

Respondents' position violates the canon of statutory interpretation that "every clause and word of a statute should have meaning" because if Section 1225(b)(2) applied to all "applicants for admission" there would be no need for Congress to have separately referenced a sub-category of persons "seeking admission" in the specific section. *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023). Respondents' reading of Section 1225(b)(2)(A) would



render the phrase "seeking admission" in the statute superfluous. *See Huamani*, 2025 WL 3079014, at *4; *Hyppolite*, 2025 WL 2829511, at *9; *Lopez-Benitez*, 2025 WL 2371588, at *6.

Furthermore, Respondents' interpretation would be "entirely inconsistent with the Laken Riley Act," which "makes noncitizens subject to mandatory detention if (1) they are inadmissible under certain provisions of 8 U.S.C. § 1182 and (2) are charged with, arrested for, convicted of, or admit to having committed certain crimes." *Huamani*, 2025 WL 3079014, at *4; *see also Lopez Benitez*, 2025 WL 2371588, at *7 (reasoning that the same interpretation of Section 1225(b)(2) offered by Respondents here would "nullify" the Laken Riley Act). As several courts have recently explained:

> If Section 1225(b)(2) applied to noncitizens who are arrested on a warrant while residing in the United States, it would render Section 1226(c)(1)(E)'s criminal conduct criterion superfluous whenever the noncitizen is inadmissible under Sections 1182(a)(6)(A) or (a)(7). Such an interpretation, which would largely nullify a statute Congress enacted this very year, must be rejected. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 386 (2013) ("[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme.").

*Huamani*, 2025 WL 3079014, at *4 (citing *Gomes v. Hyde,* No. 25-cv-11571, 2025 WL 1869299, at *7 (D. Mass. July 7, 2025)).

Respondents' reading of Section 1225 would "all but read Section 1226 off the books," because if any person who has entered the country unlawfully is subject to mandatory detention under Section 1225(b)(2)(A), then "it is not clear under what circumstances § 1226(a)'s authorization of detention on a discretionary basis would ever apply." *Huamani*, 2025 WL 3079014, at *4; *Lopez-Benitez*, 2025 WL 2371588, at *8; *see also id*. (reasoning that "there is no indication that Congress intended § 1226 to be limited only to visa overstays").

Finally, "DHS's own regulations understand an 'applicant seeking admission' to be synonymous with an 'arriving alien.'" *Huamani*, 2025 WL 3079014, at *4. The regulations refer to an arriving alien as an "applicant for admission *coming or attempting to come into* the United States." *Lopez Benitez*, 2025 WL 2371588, at *7 (quoting 8 C.F.R. § 1.2) (emphasis in original); *see also Huamani*, 2025 WL 3079014, at *7 (same).

# Jadeja-Cimone Law, PC

Rather, Petitioner is detained pursuant to 8 U.S.C. § 1226. Section 1226 governs the detention of noncitizens "*already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added); *see also id.* at 288, (explaining that, "*once inside* the United States . . . an alien *present in the country* may still be removed" under "Section 1226" (emphasis added)). See also *Rodriguez-Acurio v. Almodovar*, 2:25-cv-6065 at *1 (E.D.N.Y. Nov. 28, 2025) (Choudhury, N.).

Thank you for the court's time and attention to this manner.

                                                     Respectfully submitted,

By:     */s/ Carolyn M. Corrado*
            Carolyn M. Corrado, Esq.
            Counsel for Petitioner
            (516) 414-0080
            ccorrado@jadejacimone.com

cc: All Counsel of Record (by ECF)