**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza. 5th Floor*
*Central Islip, New York 11722*

March 25, 2026

Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Fuentes-Aguilar v. Bondi, et al.*, No. 26-cv-00802 (Brown, J.)

Dear Judge Brown:

This Office represents Respondents Pamela Bondi, Attorney General of the United States, Markwayne Mullin, Secretary, U.S. Department of Homeland Security,[1] Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement, and Brian Flanagan, Acting Deputy Field Office Director for Immigration and Customs Enforcement in New York City Area (collectively, "Respondents") in the above referenced habeas matter. Respondents respectfully submit this letter in response to the petition for a writ of habeas corpus (the "Petition") (Docket Entry ("DE") No. 1) filed by Petitioner Bleyman R. Fuentes-Aguilar ("Petitioner") on February 11, 2026. The primary legal issues presented by this action concern whether Petitioner's detention by ICE is governed by 8 U.S.C. § 1225 or 8 U.S.C. § 1226, whether that detention comports with Fifth Amendment Due Process, and how, if at all, Petitioner's Special Immigrant Juvenile Status ("SIJS") affects the detention authority analysis.

Statement of Relevant Facts

As discussed in the attached Declaration of Patrick Heerey ("Heerey Declaration"), Petitioner is a Guatemalan national, who entered the United States without inspection, admission, or parole on June 11, 2019. On the same date, Border Patrol agents encountered and arrested Petitioner and his father. On June 14, 2019, Petitioner and his father were issued a Notice to Appear ("2019 NTA") and released on an order of recognizance. The 2019 NTA does not appear to have been served on the Executive Office for Immigration Review.

On April 4, 2025, Petitioner filed a petition for immigration benefits with United States Citizenship and Immigration Services ("USCIS"). On September 1, 2025, USCIS approved the petition. On October 20, 2025, Petitioner submitted a request for deferred action to USCIS, but

[1] Under Fed. R. Civ. P. 25(d), the successor of a party who is a public official is automatically substituted as the party to the suit. Therefore, Markwayne Mullin has been substituted for Kristi Noem.

this application was denied by USCIS on November 17, 2025.

As further discussed in the Heerey Declaration, on January 31, 2026, ICE officers encountered Petitioner in Hempstead, New York and asked if he would be willing to speak with officers, and he agreed. The officers asked Petitioner for identification and he provided a Guatemalan identification document. Record checks revealed that Petitioner is a native and citizen of Guatemala, without lawful status in the United States. Based on this information, ICE issued an I-200 Warrant of Arrest and placed Petitioner under arrest. During processing, Petitioner was issued a Form I-862, Notice to Appear ("NTA"), and referred to immigration court.

Procedural History

The Petition was filed on February 11, 2026. DE No. 1. On February 13, 2026 the Court held an emergency bail hearing to consider "whether petitioner should be released on bail consistent with the principles set forth in this Court's order in *Clarke v. U.S. Dept of Homeland Security*, 25-cv-6773(GRB) (December 18, 2025)." DE, Emergency Order dated February 12, 2026. At the conclusion of the bail hearing the Court, *inter alia*, ordered that Petitioner be released on his own recognizance. *See* DE No. 5 and DE dated February 13, 2026. Petitioner was released from detention immediately after the hearing. *See* DE dated February 13, 2026; Heerey Decl.

This response to the Petition is submitted in accordance with the Court's instructions at the hearing on February 13, 2026 and the Minute Entry dated February 13, 2026, which directed the Petitioner to file a brief within 3 weeks, and provided Respondents with 3 weeks to respond. *See* DE dated February 13, 2026. Petitioner's letter brief was filed on March 4, 2026. *See* DE No. 6.

Argument

Respondents acknowledge that Your Honor's decisions in *Sanchez Alfaro v. Almodovar et al.*, No. 26-cv-00766, 2026 WL 734348 (March 16, 2026) (Brown, J.) and *Garcia-Lanza v. Noem*, 26-cv-29, 2026 WL 585130 (March 3, 2026) (Brown, J.) – which found that a grant of SIJS is equivalent to a grant of parole – are likely dispositive as to the question of whether Petitioner's SIJS precluded Respondents from arresting or detaining Petitioner if the Court follows those decisions here. *See, e.g., Garcia-Lanza*, 2026 WL 585130, at * 6 ("[T]he 1225/1226 distinction argument misses the mark entirely: having been awarded SIJ status, deferred action and work authorization, and with no removal proceedings having been commenced, the petitioner simply was not subject to arrest.").[2]

Respondents respectfully disagree with the Court's decisions in *Alfaro* and *Garcia-Lanza*, particularly the conclusion that the grant of SIJS is the effective equivalent of parole. *See id.* ("While ICE did not parole Garcia Lanza, another branch of Government did: the United States Congress") (citing 8 U.S.C. § 1255(h) (an individual awarded SIJ status "shall be deemed … to have been paroled into the United States")). Respondents respectfully note that an individual with

[2] Petitioner in this case has SIJS, but not deferred action or work authorization. Nonetheless, the reasoning of *Alfaro* and *Garcia Lanza,* in particular the conclusion that a grant of SIJS is equivalent to parole, appears to apply to Petitioner here.

SIJS is deemed to be paroled only for the limited "purposes of subsection (a)," *i.e.* § 1255(a). *See* § 1255(h)(1); *see also Garcia-Lanza*, 2026 WL 585130, at * 6 ("ICE's Policy Manual [ ] provides that 'the beneficiary of an approved SIJ petition is treated *for purposes of the adjustment application* as if the beneficiary has been paroled, regardless of the beneficiary's manner of arrival in the United States.'")[3] (emphasis added). Without the deeming language of § 1255(h)(1), SIJS applicants who, like Petitioner here, typically enter the United States without inspection, admission or parole, would not be eligible for adjustment of status which requires, *inter alia*, that the applicant be "inspected and admitted or paroled into the United States." § 1255(a). However, outside of its relevance to the § 1255(a) adjustment process itself, SIJS is not deemed to be the equivalent of parole for any other purposes under the immigration law or USCIS policy, nor is it applicable to ICE's authority to arrest or detain individuals with SIJ status. *See* § 1255(h)(1).

Additionally, Respondents respectfully note that Petitioner's letter brief in support of the relief sought in the Petition addresses only the § 1225/§ 1226 issue, and does not mention Petitioner's SIJ designation at all, let alone argue that Petitioner's SIJ designation causes him to be not subject to arrest. *See generally* DE No. 6.

Should Your Honor determine that Petitioner's SIJS did not preclude arrest or detention, Respondents respectfully take the position set forth in *Garcia Lanza* – that an alien who has never been lawfully admitted to the country is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See generally Garcia Lanza*, DE Nos. 11 and 14. While Your Honor's decisions in *Sanchez Alfaro* and *Garcia Lanza* found that the issue of whether Respondents' detention authority derives from § 1225 or § 1226 was not dispositive, Your Honor did note that the Government provided a lengthy discussion of the § 1225/§ 1226 issue (*see Garcia Lanza*, 2026 WL 585130, at *6 and n.8), and therefore Respondents refrain from doing so again here. However, by way of an update to the Government's discussion of the § 1225/§ 1226 issue in the *Garcia Lanza* briefing, the Government notes that today, March 25, 2026, the Court of Appeals for the Eighth Circuit joined the Court of Appeals for the Fifth Circuit in holding that aliens who are applicants for admission under 8 U.S.C. § 1225(a) are subject to mandatory detention under § 1225(b), and are not eligible for a bond. *See Avila v. Bondi, et al.*, 25-3248 (8th Cir. March 25, 2026). Thus, the only two Courts of Appeals to have squarely considered the § 1225/§ 1226 issue have adopted the Government's construction of § 1225. Additionally, the Government notes that the appeal in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025), *notice of appeal* filed Dec. 11, 2025, No. 25-3141 (2d Cir.) is proceeding on an expedited track and is scheduled for oral argument on April 6, 2026.

Nonetheless, with respect to the issue of whether Petitioner's detention was effectuated pursuant to 8 U.S.C. § 1225(b)(2)(A) or § 1226(a) (as argued by the Petitioner, *see* DE No. 6), Respondents are aware of the decisions of other judges in this district that the Court has cited approvingly. *See, e.g., Gopie v. Lyons, et. al.*, 25-cv-5229, 2025 WL 3167130 (E.D.N.Y. November 13, 2025) (Bulsara, J.); and *Rodriguez-Acurio v. Noem, et.al.*, 25-cv-6065, 2025 WL 3314420 (E.D.N.Y. November 28, 2025) (Choudhury, J.). Respondents acknowledge that, in view

[3] The Court attributes the quoted language to "ICE's Policy Manual," however, the quoted language comes from USCIS's policy manual. *See Garcia-Lanza*, 2026 WL 585130, at * 6; *compare id.* at n.10 (citing link to USCIS policy manual).

of the assessment of the § 1225/§ 1226 issue by most judges in this district who have considered it, and to whom Your Honor has cited approvingly, Respondents are unlikely to prevail on this issue. Further, since the Court in *Sanchez Alfaro* and *Garcia-Lanza* questioned the timing of the issuance of an arrest warrant and the NTA occurring after apprehension as an additional ground for granting the writ (*see, e.g., Garcia-Lanza*, 2026 WL 585130, at *5), Respondents acknowledge that they likely cannot prevail for that additional reason.

***

To conserve judicial resources and to expedite the Court's consideration of this case, the Government respectfully adopts its previous arguments in *Garcia-Lanza*, and submits that the Court can decide this matter without further briefing or additional hearings. However, should the Court prefer to receive a memorandum of law in this matter, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/ *Marika M. Lyons*
Marika M. Lyons
Assistant United States Attorney
(631) 715-7822
Marika.lyons@usdoj.gov

cc: By ECF
Carolyn Corrado
Jadeja-Cimone Law, PC
*Counsel for Petitioner*